IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quentin McNebb,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | C/A No.: 8:25-cv-1619-SAL<br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge William S. Brown ("The Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [ECF No. 14.] Plaintiff, proceeding pro se, asks the court "to declare that Congress did not require any predicate offense for a § 924(c) offense to be exempt from earning time credits under the First Step Act of 2018." [ECF No. 1 at 2]. The Report recommends the petition be dismissed without prejudice and without requiring Respondent to file an answer or return because the court lacks jurisdiction. [ECF No. 14 at 14.] Plaintiff was advised of his right to file objections to the Report and was given an extension to June 18, 2025, to do so, but he did not file objections.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report details the relevant facts and standards of law, which the court adopts without a full recitation. *See* ECF No. 14 at 1–3.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Plaintiff filed this action asserting a challenge to the application of the First Step Act of 2018. [ECF No. 1 at 1.] The Report recommends dismissal without prejudice and explains that the court lacks jurisdiction over the action because Plaintiff seeks an advisory opinion—that is, he is not seeking individual relief and only asks this court to opine on whether "[u]nder prevailing Supreme Court precedent, . . . is the residual clause of 18 U.S.C. § 3559 unconstitutionally vague to deprive one's liberty." [ECF No. 12 at 2.] This court is not authorized to issue such an opinion for the reasons articulated in the Report. Plaintiff has failed to present a justiciable controversy that he has standing to pursue. *See* ECF No. 14 at 7–12; *see also United Public Workers of America (C.I.O.) et al. v. Mitchell et al.*, 330 U.S. 75, 89 (1947).

Additionally, although Plaintiff does not purport to seek relief under *Bivens* or the habeas corpus statute, the Report thoroughly addresses whether either of these could present a viable avenue for Plaintiff's claims. *See* ECF No. 14 at 12–14. When offered the opportunity to present his claims as habeas claims, Plaintiff declined, reasserting his desire to get declaratory relief instead and arguing "[i]t is the Court's duty to answer to a federal question of constitutional concerns. Perhaps, Mr. McNebb will seek 2241 relief once the question is answered. Then again, perhaps not." [ECF No. 12 at 2.] Ultimately, Plaintiff cannot proceed under *Bivens*, and he has refused to proceed under 28 U.S.C. § 2241. *See* ECF No. 14 at 12–14.

The court finds no clear error in the Report, and without any objections to the Report, the court may adopt it without further explanation. But the court reiterates to Plaintiff that the Declaratory Judgment Act permits a district court to issue a declaratory judgment when it will provide clarification of the legal relations or rights involved in the controversy. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996). The court may only issue a declaratory

3

judgment "in a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). No such case or controversy has been articulated here. Plaintiff has not alleged any facts that his sentence has been miscalculated as a result of uncertainty as to the application of the First Step Act. Nor has he shown an imminent injury or that an answer to this question would have *any* impact on him. Therefore, this issue is not ripe for review, and Plaintiff has failed to demonstrate standing.

## CONCLUSION

After a de novo review of the Report, the applicable law, and the record of this case, the court finds it is without subject matter jurisdiction to decide this case. This court thus adopts and incorporates the magistrate judge's Report. [ECF No. 14.] Accordingly, the Complaint is **SUMMARILY DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

August 11, 2025                              Sherri A. Lydon
Columbia, South Carolina                     United States District Judge